# CIVIL RIGHTS COMPLAINT FORM

FOR USE IN ACTIONS UNDER 42 U.S.C. § 1983

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF FLORIDA

_Civil_ DIVISION

Amended Complaint.

1. John Hall-D072031 ,

2. _____ ,

3. _____ .

(Enter the full name of each plaintiff, plus inmate number (if applicable). Begin the name of each plaintiff on a new line. The entire name of each party should be in capital letters. Descriptive terms such as a party's title or job position should be in normal case.)

vs.

CASE NUMBER: 4:01 CV 83-RV
(To be assigned by Clerk)

1. William Woodham ,
2. Terrance Thomas ,
3. _____ ,
4. _____ .

(Enter the full name of each defendant in the same manner as above. If additional space is required, use the blank area directly to the right.)

ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Revised 7/97

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

01 AUG -6 PM 3:37

FILED

16

I. **PLAINTIFFS:**

State your <u>full name</u>, inmate number, and full mailing address in the lines below. Include the name of the institution in which you are confined. Do the same for any additional Plaintiffs:

(A) Plaintiff's name: John Hall
Plaintiff's inmate number: D072031
Prison or jail: Holmes Correctional Institution
Mailing address: 3142 Thomas Drive
Bonifay, Florida 32425

II. **DEFENDANTS:**

State the <u>full name</u> of the defendant, official position, mailing address, and place of employment. Do the same for **every** defendant.

(1) Defendant's name: William Woodham
Official position: Sheriff
Mailing address: Hwy. 267 South, Quincy Florida 32353
Employed at: Gadsden County Sheriff Office

(2) Defendant's name: Terrance Thomas
Official position: Correctional Jailer
Mailing address: Unknown
Employed at: Gadsden County Jail, Quincy, Fl 32353

(3) Defendant's name: _____
Official position: _____
Mailing address: _____
Employed at: _____

**ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS**

Revised _/_  2

**III. EXHAUSTION OF ADMINISTRATIVE REMEDIES:**

NOTE: THE COURT WILL NOT ACCEPT THE COMPLAINT FOR FILING UNTIL PLAINTIFF(S) FILL OUT THE FOLLOWING REGARDING EXHAUSTION OF ADMINISTRATIVE REMEDIES. UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 42 U.S.C. § 1997e (AS AMENDED), THIS COMPLAINT IS SUBJECT TO <u>DISMISSAL</u> IF THE CLAIMS PRESENTED HAVE NOT BEEN PROPERLY EXHAUSTED.

A. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS?

  Yes( )          No(✓)

[If your answer is YES, answer all the questions in this subsection. If your answer is NO, proceed to subsection III B.]

Exhaustion of administrative remedies pursuant to Fla. Admin. Code Chapter 33-29 is required prior to pursuing a civil rights action concerning events occurring within the Florida Department of Corrections. Any required grievances, appeals, and responses **must** be submitted to the Court to verify exhaustion. Each plaintiff must complete a separate Section III.

**EXHAUSTION STEPS REQUIRED:**

\* Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Medical Grievance, Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance Involving Disciplinary Action.

  a. Formal Grievance to Superintendent or to the Office of Secretary (Form DC1-303)
  b. Appeal to the Office of Secretary (Form DC1-303)

\* General Grievance

  a. Informal Grievance (Form DC3-005)
  b. Formal Grievance (Form DC1-303)
  c. Appeal to the Office of Secretary (Form DC1-303)

**EXHAUSTION STEPS TAKEN:**

1. Emergency Grievance, Grievance of Reprisal, Grievance of a Sensitive Nature, Medical Grievance, Grievance Concerning Violation of Americans with Disabilities Act (ADA), Grievance Involving Admissible Reading Material, Grievance Governed by Fla. Admin. Code Rule 33-11.0065 Incentive Gain Time, Grievance


Involving Disciplinary Action (these are requests for Administrative Remedy or Appeal, by-passing the informal grievance step).

      a. Did you submit your grievance directly to the Superintendent and/or to the Office of Secretary (Form DC1-303)?

          Yes( )          No(✓)

      b. If so, you must attach a copy of the grievance and response to this complaint form.

      c. Were you denied emergency status or otherwise required to first file an informal grievance?

          Yes( )          No(✓)

      d. Did you have a disciplinary hearing concerning this matter?

          Yes( )          No(✓)

      e. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this complaint form.

2. Informal Grievance (Request for Interview)

      a. Did you submit an informal grievance (Form DC3-005)?

          Yes( )          No(✓)

      b. If so, you must attach a copy of the grievance and response to this complaint form.

3. Formal Grievance (Request for Administrative Remedy or Appeal)

      a. Did you submit a formal grievance (Form DC1-303)?

          Yes( )          No(✓)

      b. If so, you must attach a copy of the grievance and response to this complaint form.

4. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

      a. Did you submit an appeal to the Office of the

Secretary (Form DC1-303)?

Yes( )   No( ✓ )

b. If so, you must attach a copy of the appeal and response to this complaint form.

B. DOES YOUR COMPLAINT CONCERN EVENTS OCCURRING WITHIN A COUNTY JAIL?

Yes( ✓ )   No( )

If your answer is YES, answer the following questions.

1. Is there a grievance procedure at your institution or jail?

Yes( )   No( ✓ )

2. Did you present the facts relating to your complaint in the prison grievance procedure?

Yes( )   No( ✓ )

3. If your answer is YES:

   a. What steps did you take?

   b. What were the results?

4. If your answer is NO, explain why not: Detainees or not issued rulebooks, or mauels instruting inmates of the Jail grievance procedures.

## IV. PREVIOUS LAWSUITS

NOTE: UNDER THE PRISON LITIGATION REFORM ACT OF 1995, 28 U.S.C. § 1915 (AS AMENDED), NO PRISONER SHALL BRING A CIVIL ACTION OR APPEAL A JUDGMENT IN A CIVIL ACTION UNDER 28 U.S.C. § 1915 IF THE PRISONER HAS, ON 3 OR MORE PRIOR OCCASIONS, WHILE INCARCERATED OR DETAINED IN ANY FACILITY, BROUGHT AN ACTION OR APPEAL IN A COURT OF THE UNITED STATES THAT WAS DISMISSED ON THE GROUNDS THAT IT IS FRIVOLOUS, MALICIOUS, OR FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED, UNLESS THE PRISONER IS UNDER IMMINENT DANGER OF SERIOUS PHYSICAL INJURY. THEREFORE, IT IS EXTREMELY IMPORTANT THAT THIS SECTION BE COMPLETED IN **THE MOST TRUTHFUL AND COMPLETE MANNER POSSIBLE**. FAILURE TO GIVE COMPLETE AND TRUTHFUL INFORMATION ABOUT PRIOR CASES CAN RESULT IN THE **DISMISSAL** OF THIS ACTION.

A. Have you initiated other actions in **state** court dealing with the same or <u>similar</u> facts or issues as involved in this action?   Yes( )   No( ✓ )

B.  Have you initiated other actions in **federal** court dealing with the same or <u>similar</u> facts or issues as involved in this action?     Yes( )     No(✓)

C.  If your answer to either (A) or (B) is YES, describe each action in the space provided below. If there is more than one action, describe all additional actions on a separate piece of paper, using the same format as below.

  (1) Parties to previous action: N/A

    Plaintiff(s): N/A
    Defendant(s): N/A

  (2) Court (if federal court, name the district; if state court, name the county):

  (3) Docket Number: N/A

  (4) Name of Judge: N/A

  (5) Briefly describe the facts and basis of the action: N/A

  (6) Disposition (Was the case dismissed? If so, why? Did you appeal? What result?):

  (7) Approximate filing date: N/A

  (8) Approximate disposition date: N/A

D.  Have you initiated other actions (other than those listed in (A) or (B)) in state or federal court relating to the fact or manner of your imprisonment or the conditions of your imprisonment?  Yes( )  No(✓)

E.  If your answer to (D) is YES, describe each action in the spaces below. Attach additional pages if necessary.

  (1) Court (if federal court, name the district; if state, name the county): N/A

  (2) Docket Number: N/A

  (3) Parties to the previous action
      (a). Plaintiff(s): N/A
      (b). Defendant(s): N/A

  (4) Basis of action: N/A

  (5) Is it still pending?   Yes( )   No(✓)

6

**V.   STATEMENT OF FACTS:**

Using numbered paragraphs, state as briefly as possible the **FACTS** of your case.  Describe how each defendant was involved and what each did or did not do to give rise to your claim.  Include the names of persons involved, dates, times, and places.  State exactly what happened.  **DO NOT make any legal arguments or cite any cases or statutes.**  You may make copies of these pages and attach additional sheets of paper if needed:

1) The Plaintiff was incarcerated in Gadsden County Jail in Quincy Florida, house in A-3 Pod Cell 3.

2) On the night of April 4, 1999 Plaintiff was assaulted by Inmate Bobby Scott.

3.) Inmate Bobby Scott used a metal pipe that had been broken from a seat located in the Cell of Pod-A-3.

4) This seat and metal tool have been broken, and Officers fail to remove, for approximately four months or more.

5.) On numerous occasion, Plaintiff and other inmates notified officers on different shifts concerning the metal weapon.

6.) At the time of incident, Officer Terrance Thomas was assigned to monitor the Pod that Plaintiff where house in.

7.) Which is a common practice to assign only one Jailer to monitor all 4 Pods that house about 80, or, 95 inmates.

8.) Approximately one week prior to the incident, Plaintiff had requested that he be moved out of Pod A3.

9.) Due to numerous fights that occurred between inmates in A-3.

10. Plaintiff submitted several hand written requests to different shifts concerning being move.

7

11) On the date of the assault, but prior to its occurrence, plaintiff told officer Terrance Thomas of the threats that inmate Bobby Scott had made, stating he was "going to kill" plaintiff.

12) Bobby Scott was upset with plaintiff because of a dispute concerning canteen purchases that Bobby Scott fraudulently obtained in the name of one of plaintiff's relatives who was confined in another pod at Gadsden County Jail.

13. Plaintiff reported by verbal contact and request slip the fraudulent purchase of canteen items to the canteen officer prompting inmate Bobby Scott to seek retaliation on plaintiff.

14) Plaintiff requested to be moved from the pod but Officer Thomas would not honor his request.

15) Officer Thomas then refused an additional request to allow plaintiff to speak to the shift commander or his supervisor.

16) After Officer Thomas left the pod, inmate Bobby Scott approached plaintiff and called him a snitch and again stated that he was going to kill plaintiff.

17.) Plaintiff and three other inmates were playing cards later that evening when Inmate Bobby Scott approached him from behind, hitting plaintiff in the back of the head with a metal pipe.

18.) Plaintiff was knocked to the floor and attempted to roll away from inmate Bobby Scott but was unable to do so because the first hit he received in the head left him in a dazed state of mind.

19.) Inmate Bobby Scott continued his assault while plaintiff was laying on the floor, striking him in the jaw shattering his jaw in three places, knocking one of his teeth out, and opening a wound above his left eye.

20.) While laying on the floor in a semiconscicence state, other inmates housed in the pod begin

beating on the door and windows trying to get help from the Gadsden County Jail staff.

21.) Officer Thomas, who was assigned to monitor the pod, had left his post and was unaware that an assault had occurred.

22.) Plaintiff later learned that he had lain on the floor of his pod for approximately twenty-five minutes before assistance arrived.

23.) After discovering that Officer Thomas was not responding, detainees in all four pods begin beating on the doors and windows hoping to attract attention from an officer from another section of the jail.

24.) Eventually officer Darryl Howard, who on April 4, 1999 was assigned to work the booking desk, responded to all the noise.

25.) After seeing plaintiff laying on the floor bleeding, Officer Howard removed plaintiff from the cell with the help of other inmates.

26.) Plaintiff was semiconscious at this point, and is unaware of the presence of other officers who might have assisted officer Howard in removing him from the pod, but to the best of plaintiff's belief and knowledge, officer Howard acted without the assistance of any other Gadsden County Jail staff.

27.) Officer Howard then called the emergency vehicle and plaintiff was transported to Tallahassee Memorial Hospital.

28.) Plaintiff received surgery and remained in the hospital for a total of three days for observation.

29.) Pins were inserted in plaintiff's jaw where it was broken in three places and stitches were inserted in the wound above plaintiff's left eye.

9

30.) Plaintiff was administered medication and placed on a liquid diet.

31.) While in the hospital, plaintiff received two visitors. One from his Mother, Mrs. Janger Daniels, who resides at Rt.5 Box 327-J, Quincy, Fl. 32351. The other visit was from Sgt. Jackie Moore who is a correctional officer at Gadsden County Jail.

32.) On Sgt. Moore's initial visit, he asked plaintiff to write a statement concerning the assault.

33.) Plaintiff was heavily sedated under the influence of medication for severe pain, and was unable to write or explain to Sgt. Moore what had happen.

34.) Plaintiff requested that Sgt. Moore allow him to write a statement at a later time when plaintiff was not under the influence of medication.

35.) Sgt. Moore stated that he would talk with plaintiff, after plaintiff was released from the hospital and transported back to Gadsden County Jail.

36.) Sgt. Moore never followed up on his investigation, as a result, plaintiff was never given the opportunity to make a statement, and submit the names of witnesses he was housed in the cell at the time the incident occurred, nor was he given the opportunity to press charges against inmate Bobby Scott.

37.) On one occasion doing plaintiff's stay in the hospital, Officer Howard was assigned as the security officer to monitor plaintiff and maintain security.

38.) Officer Howard told plaintiff that on the night of the assault, after plaintiff was removed from the pod, Officer Howard asked Officer Thomas why he did not notify the shift supervisor of his absence.

39.) Officer Howard stated that Officer Thomas did not have a valid excuse for not being on his assigned post.

10

40.) Officer Howard inform plaintiff that he had filed a report against officer Terrance Thomas for leaving his assign post and not reporting the complaint that plaintiff had told him about the problem he was having with inmate Bobby Scott.

40.) Upon plaintiff's release from the hospital, he was transported back to Gadsden County Jail.

41.) Plaintiff was placed in a isolation cell where he remained until being transferred to the Department of Correction to begin serving a court imposed sentence.

42.) In May of 1999, by order of the court, plaintiff was transported back to Gadsden County Jail to await a hearing date on a separate, unrelated matter.

43.) While being held in the jail, officer Howard informed plaintiff that he had filed a report against officer Terrance Thomas for leaving his assigned post.

44.) While awaiting his hearing, plaintiff attempted to talk with Capt. Merritt and Lt. Mary Ivory about the assault and its investigation by submitting multiple request slips.

45.) As the designated chief of jail for Gadsden County Jail, Capt. Merritt has the authority to promulgate rules and regulations that govern the safety and security of Gadsden County Jail, and is responsible for final supervision of all officers, and the safety and security of all detainees at the institution.

46.) Lt. Mary Ivory is a shift commander, who to plaintiff's best belief and knowledge is the person who is designated as responsible for answering all inmate request slips concerning any major problems that occur in Gadsden County Jail.

47.) Neither official responded to any of the request slips, and the issues of this incident that were raised through request slips remain unaddressed.

48.) Subsequently, after approximately three weeks in jail, plaintiff was returned to the custody

of the Department of Corrections.

49.) In the month of June 2000, Plaintiff received a physical examination from Dental, Chief Medical Dentist at the institution where Plaintiff is currently housed within the Department of Corrections.

50.) Plaintiff is still unable to eat solid foods on right side because of the pins that were inserted in his jaw have forced through the gum.

51.) Based upon Dentist examination, he believes the surgery not being performed correctly when the pins were inserted in his jaw as a result of the assault.

52.) Dental had recommend further surgery to correct the problem with the insertion of the pins in plaintiff's jaw.

Statement Of Facts
1

1.) Plaintiff state the fact that Sheriff, William Woodham of Gadsden County Sheriff Office, and Policy and procedure maker of Gadsden County Jail, violated Plaintiff Right of being free of harm and danger.

2.) Sheriff, William Woodham fail to maintain Care and Control in the Jail facility, While Plaintiff where house in the Jail facility.

3.) At no time did he conduct or have inspections are safely check perform in the Pods, and Cells.

4.) Sheriff, William Woodham knew the locks where broken to cell doors, that prevented Officers from ever locking down the inmates.

5.) Sheriff, William Woodham fail to had no visual or audio surveillances system on the Cells of Pods, which is a risk of serious danger,

6.) for inmates and Officers who have been Attacked at the hands of Bobby Scott, because of Sheriff's failure to operate and maintain safely codes.

7.) Sheriff's permitting Officer, Terrance Thomas to work Pod Station that monitor four Pods with no audio surveillance system, and where not certified under law.

8.) At no time are there two or more Officers assigned to Pod station that monitor four Pods with about 95 inmates, exposing all inmates, and Officers to danger.

9.) The failure of "Sheriff, William Woodham to operate and maintai Safely Codes in the Jail, linked to Plaintiff suffering injuries, and life time damages he sustain doing attack.

10. Sheriff, William Woodham conduct as "Sheriff" and supreme commander of Jail,

<u>2</u>
Statement of Facts

11. Violated Plaintiff Rights under the United States Constitution when he fail to have adequate Officers to establish rules and procedures, and failure of repairing Jail, allowing inmates and officers to be in danger of their lives and suffering injuries as well.

## VI. STATEMENT OF CLAIM:

State as briefly as possible what rights under the Constitution, laws, or treaties of the United States you claim have been violated. Be specific. Number each separate claim, and relate each claim to the facts in the complaint. If the claims are not related to the same basic incident or issue, they must be addressed in a separate civil rights complaint.

1.) Plaintiff state's the actions of Officer, Terrance Thomas were negligence and improper when he fail to report to shift supervisor the complaints Plaintiff had made to him that assailant (inmate Bobby Scott) had threaten his life, Plaintiff tryed to avoid problems.

2.) The actions of officer's, Terrance Thomas failing to search cells for weapons, allowing Plaintiff to be in danger of harm.

3.) The actions of Officer, Terrance Thomas for leaving his assigned post, unattended for more than 30 or more minutes with out reporting his absence to his shift supervisor.

4.) The actions of Officer, Terrance Thomas for failing to ensure the safety of all inmates in the Gadsden County Jail.

5.) The actions of Officer Terrance Thomas for failing to comply with the rules and procedures when performing his assigned duties.

1.) Plaintiff state's the actions of Sheriff, William Woodham for allowing officers who are not certifed be assign to Pod Station, maintaining all four pods.

2.) The actions of Sheriff for failure to insure, or implement rules and procedures that governs the use of grievance procedure, rules, and regulations that coincide with the same polices that governs, State and federal Institutions as well.

2. page "2" of Statement Of Claim:

3.) The actions of Sheriff, William Woodham for failing to ensure that the polices and procedures are being followed by Officers of Gadsden County Jail, under his command.

4.) The actions of sheriff, William Woodham for failure to Officers to deal with predictable problems before being assign in certain areas of the Jail.

5.) The actions of Sheriff, William Woodham for failure to have Cell door locks, visual or Audio Surveillance system repaired, for keeping the Safely of inmates, and preventing risk of danger,

6.) The actions of sheriff, William Woodham for failure to maintain propre Control, care, and safely for Plaintiff and other inmates in the Custody of Jail. under sheriff, William Woodham Command.

7.) The actions of Sheriff, William Woodham, allowed Plaintiff United States constitutional Right to be Violated when he fail to maintain Care, control, and proper safely of being free from harm or danger.

8.) The actions of sheriff, William Woodham negligence and improper management which lead to Plaintiff being injury.

9.) The actions Of Sheriff, William Woodham and Officers of his command are the soul reason Plaintiff suffered, Sustain injuries in Gadsden County Jail.

10.) The actions of sheriff, William Woodham for failure to take actions to curb the high number problems that occur in County Jail Violated Plaintiff's rights Under the Eighth Amendment to the United States Constitution,

16

3. page "3" of statement of claim:

11.) Because of the physical and life time damage done to his jaw, and left eye (blurred vision) Plaintiff states that the Defendants should be held liable for not instituting, or failing to insure the safety of the inmates housed in Gadsden County Jail.

note 12.) It is clear from the facts, and allegations in the above styled cause that the Plaintiff suffered physical, and emotional damages as a direct violation to his rights under the Constitution of the United States and the State of Florida as well.

note 13.) Sheriff failure to take responsible measures to insure the safety of inmates, as facts show in Jail reports that sentenced inmates are not segregated from unsentenced inmates.

17

**VII. RELIEF REQUESTED:**

State briefly what relief you seek from this court. Do not make any legal arguments or cite any cases. You may, if you wish, cite statutes which authorize the relief requested, but need not do so.

Plaintiff ask this Honorable Court to grant the following relief:

A.) Award compensatory, and punitive damages in the following amount, $100,000 jointly and severally, against Terrance Thomas for the physical and emotional injuries sustained on 4-4-1999

B.) Award punitive, and compensatory damages in the amount of: $100,000 against William Woodham, sheriff of Gadsden County and supreme commander of Jail, his failure to insure the policy and procedures that governs the County Jail is being followed, result to Plaintiff injuries.

C.) Grant relief to Plaintiff as facts show he is entiled.

**VIII. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

Signed this __2__ day of __August__, __2001__.

John Hall
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fl 32425

(Signature(s) of Plaintiff(s))